Thank you very much. You may be seated. I should note that I am in the courtroom today with Judge Parker. Judge LaValle is participating remotely, so you will see him on the monitor on the podium. We have five cases on our calendar today, all of which we are hearing arguments. So we'll hear argument first in No. 21-1489, ASPCA v. Animal and Plant Health Inspection Service. Ms. Hartnett. Good morning, Your Honors, and may it please the Court. Kathleen Hartnett on behalf of the plaintiff, the appellant, the ASPCA. I would like to reserve two minutes for rebuttal. This case concerns an agency's ongoing, consistent, and undisputed refusal to abide by the requirements of FOIA over a period of years. And I should note at the outset that the policy and practice of flouting FOIA at issue in this case has serious real-world impact. It prevents the public from learning about and working to correct an agency's abdication of duty. In this case, the agency is the United States Department of Agriculture, or USDA, and the information at issue, inspection reports, photos, and other information about the animal dealers that the USDA regulates, reveals the USDA's failure to enforce the Animal Welfare Act against bad actors. So you just said that it has real-world impact because it prevents the public from getting information. But the cause of action that FOIA provides, isn't that to provide relief to a specific requester over specific records? So aren't you asking us to say the ASPCA can come and vindicate the rights of the public? Does that superintend to the Department of Agriculture's FOIA procedures? No, Your Honor, and that's not how the courts that have adopted the policy and practice framework have not adopted it as some sort of generalized right to vindicate the public interest. You, in these cases, need to show that you, the requester, are someone that has been subject to the unlawful practice and that the unlawful practice is likely to continue and that you will continue to be subject to it. So it's really about providing relief to the ASPCA. That's correct, Your Honor. But in this specific case, you've gotten all of the records, right? No, Your Honor. Unless you have an adjudication that says you're entitled to them, because the district court said that you were, and Congress has said that this information should be public. Your Honor, it's correct that in this particular case, which involves a complaint about 30-something records, and at the end of the day, there was about 70-plus requests that were at issue in the time period. The ASPCA eventually resolved the claims in the sense that it won summary judgment against some of the unlawful withholdings. But I think what's really important to note, and the record reflects this, the summary judgment record before the court, was that even as of the time of the summary judgment briefing, there were still outstanding requests that had not been fully responded to pursuant to this unlawful practice. But you're not seeking relief for those particular requests. The claim that's before us is the policy or practice claim, right? That's correct, Your Honor. And the policy or practice claim is accepted. So the relief that we would be providing is not turnover these records that the ASPCA requested that are being improperly withheld. It's, you know, reform your FOIA procedures. Courts have been very – I mean, I think courts have really taken these claims seriously, and they have not taken it as some general duty to superintend agencies. They've actually looked at specific situations where an agency has – Yeah, so I guess that's what I'm a little puzzled by. So some of the cases – so there's one question as to whether you can sort of have something beyond the individual request. But then in some of the cases where courts have entertained a policy or practice claim, there are cases like where the agency has improperly applied an exemption. That's correct. And you have a repeat requester that says, well, they have a policy of applying this exemption, but they give me the documents whenever I sue, and they're going to keep stonewalling me. And a court says, you know, you have to stop applying the exemption in this improper way. There's two things about that, though. So that is a remedy to a particular requester, and it also is a remedy you could get through FOIA, right, which is to say an adjudication over whether an exemption applies. But FOIA doesn't require the Department of Agriculture to maintain a public-facing database, does it? That's not something that you get through a FOIA claim, is it? Congress has stepped in to actually require it. Legislatively, Congress can require that. Aren't you seeking the documents that you didn't get? Isn't that part of the relief you're seeking? Yes, it is, Your Honor. So just looking to the actual record, as of May 7, 2020, months after the databases were online, the agency still had failed to respond on time to 21 requests. And after the district court issued the order in May 2021, but the opening brief was filed, we were still forced to follow up on 17 of our requests. So this policy of practice continues of just flouting the debt. I mean, it's 95 percent of the time. It's a pretty simple thing to do, respond, make a determination. Part of what you want us to order is that you get those documents. Yes, we want you to order that. Yes, Your Honor, we want to order here that it's built that we get the documents in the sense that actually process our requests on time. So there's one sense of getting the documents, of not applying the exemptions properly. There's another sense of getting the documents. It's authorized under FOIA to say you're entitled to the documents, right? But FOIA doesn't require a particular timeline in which they're produced, right? The court determines whether the agency is using reasonable diligence and so on. Justice Kavanaugh, for example, Judge Kavanaugh on the D.C. Circuit said that what FOIA contemplates is that the records be made available promptly. And this is in the Crewe case that we cited, which is about days or weeks, not months or years. In this case, the agency regularly took months or years to respond with actual documents to the FOIA request. This is one of the most- Well, yeah, promptly, that's fair enough. I mean, sometimes it might take months or years if you have just a massive FOIA request. The FOIA statute envisions that. So it's not like it always has to be weeks or days. But I guess the point is that you can't say just given the fact that a request has taken a particular amount of time that it necessarily is a violation of FOIA, right? That's a fact-intensive question. The district court would have to look at the efforts the agency has made to produce the documents and whether the time is reasonable, right? Important, yes. And, Your Honor, I think it's really important to look. But this is not the fact that courts have recognized policy or practice claims hasn't led to some outbreak of irresponsible judicial decision-making. I think a really good decision to look at, for example, is the ACLJ case with Judge Contreras and the D.D.C. He looked at it. He saw three distinct requests, different in scope, different in nature. They were different isolated problems. That's not what the D.C. Circuit was looking at in Payne. Those are isolated instances. On the other hand, if you look at, for example, the IRAC case that we brought to your attention, and I apologize for not having identified it sooner, there you have a judge that's carefully looking at the record and seeing more of a deliberate pattern. And you can see that, too, in a couple of cases out of the Northern District of California that following the Ninth Circuit's decisions in the Long case and in the Hydro case have responsibly used that power when there's an agency that's just repeatedly not responding on time. And I think the important thing here is Congress's intent. And we have, when you look at FOIA and the congressional intent, and I think that the judges, even on the majority in the dissenting side in the judicial watch opinion in the D.C. Circuit, make this clear. Congress did not envision a situation where a requester would have to regularly have to file administrative appeals and go to court just to get the agency to respond to the request. That seems the opposite of what Congress intended, and I think it's really important. I guess I have two questions. So one is just about this idea that you just want the documents. So you've got an adjudication that you're entitled to the documents, but you're saying the agency hasn't followed through by turning them over. I believe so, Your Honor. But you haven't appealed those claims. Oh, we haven't. Oh, I thought the only live claim is the policy or practice claim. Well, it's the policy or practice. But you prevailed on the other claims. We prevailed on our specific challenges to withholdings below. Right. But what we would like is an order that says that the agency, with respect to the ASPCA's requests at least, if not all requests, which would be preferable, should respond within the 20-day deadline and should make our records available promptly. You said the district court said the action was moot in light of congressional actions on the public. That's correct. Why isn't it moot in your view? Thank you, Your Honor. There's actually three reasons. First of all, the practice was not ever the practice. It was never just a challenge to what the database was, the records that the database decommissioned. For example, inspection photographs, that's a category that we frequently request. Those are not something that were on the database before and they're not on the database now. And you requested them but have not gotten them. Correct. Those are the types of things where we would get no response within 20 days and taking years to actually get the documents that were requested. And when we get them, redactions that we have to litigate about, like in this case. So this case really does involve more than whatever was on the database before. And I think it's important to look in the district court. The government itself recognized that the database issue was an incremental issue, not a directly causal issue. And that's in our opening brief at page 17. We identify that. So here, this case has never just been about the databases. And I think that, unfortunately, the district court, while recognizing that a policy or practice claim actually was stated, then found it moot because it was hoping that the district court was. Did your complaint below extend beyond the documents that were beyond the list, for want of a better word, the database? Yes, Your Honor. And the declarations from the agency's witness agree that the photographs, for example, which are frequently requested by the SPCA, those are not part of the database before. They're not part of the database now. Annual, which is now triennial, dog dealer license renewal applications, which were the subject of the redaction fight in this case, those are things we regularly request that weren't part of the database. So the database was an important part of the story, because here you have an agency that wasn't just delinquent. It wasn't just an important part of the story. That was central to what the district court said. The district court thought the policy or practice was taking down the databases without having a plan to process the influx of new FOIA requests, right? No, Your Honor, I think the district court did conceive of that. But if you're conceiving it as a policy or practice, and now you just want the photographs, you'd have to say there's a policy or practice with respect to the photographs. We disagree, Your Honor. I appreciate what the district court's reasoning was quite powerful to the point where then the district court found the case moot by the hope that Congress's action would just redress everything, and it just won't. To begin with, it was not just about the database documents. You can see with the many FOIA requests. But you can't just say that the agency's taking a long time, right? You actually have to show that there's some kind of policy that they're intentionally doing, right? The agencies take a long time. The FOIA statute envisions delays. So if they're just delaying because they have resource constraints or something like that, it wouldn't be a FOIA violation. You would have to say that they have some kind of a policy of violating FOIA or not complying with FOIA. Well, I guess I would first direct, Your Honor, to the crew case that I mentioned, Judge Kavanaugh's decision. It was not a policy or practice case, but it made very clear that it's not okay to just flout FOIA, but it does happen from time to time. You're correct, and I think what the courts have done is they've looked carefully to figure out, is this, and this is the pain? And this is what these policy or practice claims are, right? It's the improper application, at least the ones from the D.C. Circuit, right? It's the improper application of an FOIA exemption. So we do think that it's a foul. I'm looking back to pain. So I want to ask you something else. Are you asking, are you claiming that in addition to just generally being slow across the board in responding to your FOIA claims, are you also claiming that there are categories of documents, categories of documents or photographs or things of that sort, as to which the agency is particularly dragging its heels because it doesn't want to reveal them? Yes, Your Honor. Yes. For example, in this case, there was an example of Exemption 4, which is about commercially sensitive information. They were redacting from the photographs notes about, sorry, they were redacting from the annual license reports, revenue figures, sales figures, numbers that they previously had been made public. And so that was a category of information that they were regularly redacting, that we had a fight in this case to get unredacted, but that there's no guarantee that they won't continue redacting that going forward. But you had an adjudication on that question, right? By challenging the redactions, you now have a court decision that says that you're entitled to that information, right? In this case, and I think that's exactly... So why does that require a separate pattern of practice plan? Why isn't the remedy that the requester challenges the redaction and gets an adjudication that the agency has been improperly applying the redaction? Because then it's going to continue to happen, and every time it does, we have to go bring another lawsuit and be here again to argue about this. And I think that's not what... But now you can point to a court decision that says the agency's position is wrong. Well, that's why they... And that's what Payne and the... The V.C. Circuit and the Ninth Circuit decisions are, I believe, well-considered. They've thought about this, and there's a reason for it, and it's based in FOIA's intent. It's based in that prior to FOIA, you had to bring an Administrative Procedure Act claim, which was quite burdensome to have to get the documents. FOIA kind of reconstituted that scheme. And so it's 20 days for a determination. Importantly in the history, they were thinking of... The agency gets a 10-day extension. That's it. They were looking for up to 30 days, and Congress said at most you could get a 10-day extension on the 30 days. So it's one thing, yes, sometimes... Well, you get a 10-day extension to telling the requester whether you're going to honor the FOIA request. But after that... Probably. You assign in an I.D. and you have a timetable, but it could be a very long period of time. It's just the deadline is only for telling the requester whether you're going to process the request, right? There's also a deadline for the appeal process internally, which is regularly flagging. Let me be sure I'm perfectly clear on why you believe this case is not removed. First of all, what is the volume in terms of the number of documents that you've asked for before the congressional enactment and still haven't gotten? I would say this is kind of beyond the summary judgment record, but in our brief at page 16, note 8, because the question is is this still going on, which the district court really never asked. They just hoped that Congress had solved it by telling the agency to restore some of the records. In May 2021, before we filed our opening brief, we had still 17 of the requests that we were following up on, and three of them, only three, were completed. So there were... We have about 14 requests that predate the congressional enactment that still haven't been resolved. They were in the time period at issue in the case, which was 2016-19. I'm not sure if those 14 were particularly when they were actually made as a request. There were five requests that predated taking down the database, and there are 14 still at issue in this case where we haven't gotten a full response. And so I think this case really just does exemplify where a pattern of practice is needed. This is not an ordinary situation. It's a situation where you have 95% of our requests. It's not that hard to make a determination in 20 days. No records are ever produced. You were saying a moment ago what the remedy would be. You said you'd like an order that tells the agency they should respond to requests within the 20-day deadline and make records available promptly. Doesn't that just amount to an order that says, follow the law? Like, isn't that what they're required to do anyway? So you're asking us to just order the Department of Agriculture to comply with its obligations under FOIA? Your Honor, I believe... What extra thing would that order do? Courts do that all the... I mean, that's something courts regularly do when the agency doesn't comply with its obligation. And I think that looking at some of the reasons... Yeah, but usually in a normal FOIA case, if they are withholding some document that you think you're entitled to, and we adjudicate that question and say, well, actually you are entitled to it and the agency's position is wrong, we order them to turn over that document. But you're talking about just some ongoing... But you're saying you want the documents that you're requesting, not just the ones that you requested in the past, but the ones in the same category that you will want in the future, that you say the law obliges them to turn over, but which they don't. Yes, Your Honor. That's precisely what we want. The Department of Agriculture said the law does not oblige them to turn it over? No. The Department of Agriculture... Yes, they have. It's just that they're taking a long time to process the request, right? And they've said that that's not unlawful. That's correct. And I think it's really important to look at what they actually said in their declaration here. This is not a situation, as in Payne in the D.C. Circuit, where they actually have the agency saying, we will comply with FOIA going forward. And that wasn't even enough for the D.C. Circuit to be confident giving the record there. Here we have the government in the declarations below saying that they hope... This is at Joint Appendix 231, and I think it's important to look at. They just hope there'll be fewer requests going forward. That's their plan. And so I think in this situation where you have a situation of persistent delay, a deliberate taking down of a database... I mean, agencies do have limited resources, right? And it does make sense to expect a decline in requests if now Congress has required this public-facing database, which means a lot more things will be in the public domain. It means more will... But at this point, they've made no promise to comply with FOIA going forward. We've won the redactions at issue in this case. We are still waiting on... They haven't made a promise to comply with FOIA, but they're talking about whether they're able to speed up their processing time. I guess I went to your honest question to Judge Leval's question also, just to looking at what courts have done in terms of tailoring an injunction. They've been... The IRAP case that we brought to your attention... So what are you looking... Are you looking for a remand? Are you looking... What are you looking for? I think what makes the most sense here ideally would be a reversal of the motion for judgment on the pleadings grant and summary judgment grant to the government. All right. So let's say hypothetically we said the case is not removed. What else do you think we should be saying? I think you should say that... I think that you should say that you remand for the district court to issue a declaration of a policy or practice violation. As we said in our brief, we do believe this is a situation where the record is clear enough and it can't be that we have to perpetually supplement the record, that we should have a declaration that there is a policy or practice violation and this court could direct the district court to issue certain injunctive relief or probably more appropriately as in pain... We only parse the documents. Right. We only know them, you know, in the context that they're discussed in the briefs. Agreed, Your Honor. So I think as in pain and in judicial watch, they would actually remand to the district court for the appropriate injunction. I think that makes sense here because the district court will be well... Or to remand for the district court to consider the question. If we don't feel that we have the sufficient information to give exactly that relief but the district court has relied on mootness where it was inappropriate, you want the district court to consider the question of broader relief. Your Honor, I do think that makes sense. Obviously, we'd be happy to have this court issue in the way this is done and particularly in the pain case and in the judicial watch case. Appellate courts that have faced situations like this typically have remanded to the district court for the district court to do the proper remedy. The part that's not moot is the part that's apart from the databases, right? So the part that's not moot would be the photographs being included? It's a range of other documents. I mean, it's non-database documents including these annual... These license renewal forms which were the subject of an important dispute here in this case. So to the extent that they were non-database documents, you know, having those be processed within... So it's your position that there are non-database documents that were requested before the adjudication of the district court that still haven't been produced. Is that your position? Yes. That is our position and that's what's happening. But they weren't the subject of the litigation in the district court. You're talking about other documents in the past and the future that just haven't been processed in time. Some were and some weren't. There were some... Well, you said that there were subjects in the district court litigation. Wouldn't the district court be able to provide you relief if the agency is not complying with the district court's orders? You have a judgment that you can enforce, right? So you don't need extra relief to get the document the district court has already said you're entitled to. I think the policy or practice claim is how we were going to get that relief which is to actually have responses be in a timely fashion, have the determinations be made in a timely fashion. You haven't really gotten any relief from the district court. The district court really said, look, Congress changed the land state and that solved the problem. That's correct, Your Honor. And that was a misguided... Well, that's how your policy and practice claims, but you did get relief on your claims about individually withheld documents. About specific exemptions, but with respect to the broader issues about timing, we did not get relief. We have no relief going forward that we are going to have the documents at issue including... The situation is the district court has said you're entitled to these documents and so the agency can't apply these exemptions. With respect to the... And you're saying the district court can also say they need to do it by a certain time. Right. We're saying that the district court... So, for example, as of after the district court's order, we still have 17 requests pending that hadn't had timely determinations and so only three of those, I guess, were complete. And so the point is this is an ongoing and persistent problem that we have. What you're saying is that the district court really didn't solve your problem because it said it went off on mootness and mootness only impacted a subset of the documents you're looking for. That's correct and it did not address the persistent redaction issue and it did not address the prominence issue. Correct. Had you asked the district court for an order... Had you asked the district court for a finding on policy and practice? Yes, Your Honor, we did and we actually... We asked to have summary judgment entered for us and we proposed an injunction. What we had proposed was that they require the agencies to return to a backlog program that they had in 2018 that they had suspended and under that older backlog program they actually were making their way through the backlog. So we had proposed a specific idea to the district court. We never got to the point of really engaging with the district because at the moment... The district court never got to any... Correct. ...aspects or suggested the case was moot. In your position it wasn't moot because the reconstruction, the re-upping of the database didn't solve the problem. That's correct, Your Honor. But that's interesting because a moment ago you said that the policy and practice claim doesn't require a court to superintend the agency's FOIA process but now you're saying you asked the district court to order the Department of Agriculture to adopt a FOIA backlog program that's about how they process FOIA requests, right? So doesn't this involve a lot of judicial intervention into the internal operations of the agency? I think the court would have worked that out and I would just direct your Honor to decisions in Nightingale and that's in the Northern District of California to the IRS... I think the court would have worked it out. I mean the court would have worked it out by if they entered your proposed order they would have ordered the agency implement this FOIA backlog program that governs the way you process FOIA requests, right? So it's not about we're entitled to this or that document but we think the procedure you have for processing FOIA requests is unlawful and the court can tell you what to do with it. It was an idea we had for helping the agency basically just do what itself already had decided it could do before. It was a way to have the court be minimally invasive in that process. Yes, that's interesting because... In addition to that you are claiming that the agency apart from simply being slow which is largely a matter of how many people you assign to FOIA requests but apart from simply being slow you are alleging that the agency is categorizing particular claims or classes of documents as one as to which they particularly want to either drag their feet or without authorization black out the documents so as not to reveal them. Is that correct? Yes, there has been a practice at the agency of redacting information that was previously made public that we have to then go through the appeal process and to court. Well, that's two different things, right? You're asking the district court to adjudicate that which the district court did too. And we've been discreet we have three aspects of our yes, you're right, your honor we have three aspects of our pattern and practice it's not our fault in the way that the agency has had a practice that's actually a tripartite practice it does not render determinations in 20 days in 95% of the cases it does not make records available promptly it takes 200 plus days on average sometimes years it regularly redacts information that it previously said should be publicly disclosed. Okay, so you do argue that there's a policy of excessive delay but then you also say that there's improper redactions. That's correct. So I guess it would be possible for us to think a pattern or practice claim could be valid in terms of the improper application of exemptions and redactions but not be valid if all it's based on is delay. I understand that that's not your position. You could separate out the grounds for the claim. I mean in this case our client's frustration was actually the combination of all three. You could separate them out. I think we were trying to make the point that this is not just some isolated occurrence like Payne said but actually a concerted set of practices that make it harder for people to make a decision. I do think that no court has ever ruled out a claim  delay. The only opinion we have on that is Judge Srinivasan's dissent in the D.C. Circuit. I would not encourage this court to be the first to say that delay can never be the answer. It actually found that we had stated a pattern or practice claim. If we went back I think the problem was the district court did overly narrowly construe our claims. It acknowledged that you have this other claim about the photographs which are not the photographs of the court. The district court did look to the database. We respectfully submit that we were able to go back and have the error corrected. If you look at the actual part of our complaint it doesn't mention the databases. It mentions the pre-existing practice. A moment ago you said that the FOIA was more efficient than bringing an APA claim. If you were to challenge the decommissioning of the databases could you bring a claim that is arbitrary and under the APA? There would be a different exhaustion requirement. That is an agency decision. I think that is the problem. Even in this situation it wasn't clear there was a final agency action. Even though this is the kind of thing that is subject to review under the APA you think we should exercise equitable authority  the FOIA to circumvent the requirements? The Supreme Court said the FOIA provides equitable remedies. I'm not saying that. If the agency does something like decommission the database that seems like the kind of thing you would seek relief from through the APA. FOIA provides a specific remedy for when an agency is unlawfully withholding agency records and you can challenge the withholding of those particular records. Why should we read FOIA to allow you to not meet the requirements of the APA but still challenge discretionary agency decisions like whether to have a database, whether to have a backlog program. These seem like systematic procedures that are within the agency that is the kind of thing you would talk about under the DC circuits. We were not challenging the decommissioning as a unique action but as part of a pattern of practice. Congress had not passed the legislation requiring the databases to be reinstituted. We would ask them to comply with FOIA which requires determinations within 20 days. If they could do that without the database that is what we were seeking. We were seeking compliance with FOIA. We believe that we shouldn't have to amend in perpetuity and the summary judgment record was strong enough to allow policy  to make the judgment for us and for the injunctive relief to be the question before the district court.  something that could be taken up on remand if it had to be. Thank you. We will hear from you again. Let's turn to the next question. May it please the court, good morning, on behalf of the government agencies. I want to address and clarify a point. The ASPCA brought 26 specific FOIA request seeking records. The district court adjudicated the ASPCA request in the district court decision. There are no records out there that haven't been adjudicated with respect to the ASPCA complaint. The district court has ordered those records to be turned over. The ASPCA says they don't have a remedy if the agency doesn't turn them over in a timely fashion. Is that right? That's their policy and practice claim. It's rooted in an allegation of delay. It's important to look at the release they're seeking to understand why this is incompatible with FOIA. They're asking for an order that the agencies comply with a 20-day determination period and to issue records promptly. That poses several problems if that injunctive relief were granted. That's essentially an obey the law injunction which is impermissible. It runs into rule 65C issues. It's not specific. It's otherwise just saying follow the provision in FOIA. We're not reviewing any injunction by the district court at this point. Correct. But I think if you look at FOIA, the injunctive provision This district court said the matter was moved. And your opponent has marshaled arguments as to why it's not moved. That the change in the database didn't cover all the documents that are issued. Do you disagree with that? No, but they're not the same thing. It's very fact intensive how you sit on these documents, whether you're making improper redactions and so forth and so on. And it looks like you have been delivering. You have been sitting on documents. You have been making inappropriate redactions. I think the only allegations in the complaints are that there was delay in making the 20-day determination and that there was a take-down or decommissioning of the databases. With respect to the specific allegations I understand your adversary to be arguing in addition not only that there was    and that there was an improper take-down either in part by excessive delay with respect to those documents and also by improper masking, improper deletion and reduction. The allegations in the complaint allege that the ASPCA was making specific requests for records and that there was a delay in those records. They were seeking enforcement action records, inspection reports, e-mails and inspection photographs. The congressional directive to restore those databases largely covers most of the documents that would be requested in the future and that is why the district court found that the ASPCA was   requests for records and that there   take-down   excessive delay with respect to those documents and that there was an improper deletion and reduction in those records. The district court also said even if it were not necessary to consider it on the merits, there is no great mystery as to what the district court would do. I believe that is correct. The district court had reviewed the summary judgment record in which the agency put in evidence of exceptional circumstances that it was using due diligence to work through its backlog and many efforts that the agency had undertaken. The district court ultimately concluded that it could not grant any other release. I think it is important because granting any other release besides telling the agency to make determinations within 20 days is asking for judicial intrusion into the agency's management of its day-to-day affairs. I understand your point to be saying that there are categories of documents that have been requested and that have been subject to the treatment that Judge LaValle just adverted to. Is that correct? The ASPCA had five requests that were for inspection photographs. Are there some that fall under this category that they requested before the adjudication that you haven't turned over? No. At the time of adjudication, the 26 requests that were at issue in the ASPCA's amended complaint were adjudicated by the district court. The only issue remaining is the policy of practice claim. If the ASPCA wanted to challenge the decommissioning of the database, could they do that? I don't know if the  at the time were part of the reading room provisions of FOIA. I'm not sure if it's part of the reading room provisions of FOIA. It doesn't have to take that particular form. That's correct. You're saying if the way they were complying with the reading room provisions was through the database and they took it down, maybe they could challenge the decommissioning of the reading room provisions and say you're not complying with the reading room provisions? I believe the relief provided by FOIA is correct. To order production of agency records improperly withheld. I understood you to be about providing relief with specific requests or specific documents. Maybe they could sue to enforce compliance with the reading room provisions. I don't want to misspeak. I don't know the specific reading room provisions, but the reading room  are correct. I understand better your answer to the mootness issue. What is your explanation of how the new legislation that requires a searchable database can moot the action if the requirements of the statute for the new searchable database don't cover all the categories of documents that the ASPCA was looking for? How can that possibly moot the issue if it doesn't cover all the relief? I think the only action by the agency at issue that could be the subject of a policy or practice claim was the decommissioning of the database. Otherwise, as the district court viewed it, the allegations amounted to delay. FOIA provides and anticipates instances in which there is delay. There are safety valves in which the agency would respond outside of that determination. Two further questions. Your adversary is insisting that the policy and regulations are subject to categories of document-specific types of obstruction, both by delay and by deletions. I think it's important to look at the specific allegations in the complaint. The only specific allegations with respect to withholdings were that the agency was not  restore the database. And the legislation not only required you to restore the database but also to stop doing those redactions. The district court viewed that as mooted because any redactions would be mooted by being not redact information that you previously did not redact. And that was the basis of their claim. Correct. The congressional appropriations  those records had to be posted in full to the database. That was mooted out. They do have this point about the photographs which the district court held that was such a discrete amount of information and otherwise simply amounted to delay by the agency. There was no specific agency action underpinning the response to those requests for a  or practice claim. Does FOIA allow for a policy or practice claim? On its face, there is no policy or practice claim. The injunctive provision is tied to withholding agency records. It cannot be that a failure to make a determination within 20 days is a constructive denial that permits the requester to go straight to court. It is not such that when they get to court the agency is ordered to hand over records without processing. They just don't get a bucket of records. If you admit the allegations in the complaint, is it your position that if you went in court and said judge, they have all of these allegations about the way we behaved and the way we improperly withheld documents or improperly redacted them, is it true? Is it your position that the court would not be entitled to issue pattern and practice for this case? As the D.C. Circuit acknowledged and held in the pain case, if there were allegations specific as to agency recalcitrance, improper behavior with respect to withholding of records, the only allegations that are specific with respect to withholding have been mooted out. The only other allegations are general allegations of withholding and legal conclusions that are not specific to any record. That leaves simply the allegations of delay. I thought that was not true as to the photographs. I thought you would acknowledge that photographs were not covered. There were requests for photographs and the allegation is the agency did not make a determination within 20 days in response to those requests. The photographs were ultimately released throughout the litigation. Are they covered by the new legislation? Are they required to be placed on the database? No, not for inspection photographs. The requester has to make the request and the agency will process those records. The district court determination was maybe the photographs and maybe not, but the allegations amount to a policy or practice. It has to be some kind of systemic thing or intentional policy. The district court looked at that issue specifically and found that it  policy issue. Nothing beyond just a delay. That might be related to how you would answer Judge Parker's question. I would have thought you would say, well, if the agency was improperly applying redactions or was doing delays, FOIA provides remedies for that. Improper redactions, somebody can file a complaint that says you are improperly withholding documents. You can get an adjudication from a court. If the agency doesn't respond within 20 days, he goes straight to court. The court's job is to ensure that the agency is exercising due diligence. That's absolutely correct. All they are asking for is an injunctive order that the agency follows the law and makes determinations within 20 days. That extinguishes rights under FOIA for an agency to make  within 20 days. If there was an injunction that said you need to follow the FOIA statute, you need to make determinations within 20 days, what difference would it make? Would that affect the Department of Agriculture's operations? I think that that would allow the ASPCA or any FOIA requester to come in and revisit the district court every time a 20-day determination was not made. Bringing the court in at points it wasn't ordinarily entitled to do, otherwise the normal course is to make the FOIA request. If the agency doesn't hit that 20-day determination, the FOIA requester has exhausted their reputations. The difference would be that the FOIA requester or the ASPCA would have an open case where they could always go to the district court whenever the 20-day determination  made. The other issue is that if that were the case and an agency hit the 21-day mark, it's already in violation even if it was able to show unusual circumstances or exceptional circumstances under the FOIA statute. The FOIA statute has already permitted the FOIA backlog program. Under FOIA,  is obligated to work under the exceptional circumstances provision. The specific burden on the agency is to show that they are in conflict with the FOIA statute. FOIA anticipates that agencies are best suited to understand their backlog. Many agencies are dealing with backlogs on a daily basis. The backlog information is submitted to Congress every year. Congress is aware of backlog issues. This is something that agencies are working with and can establish to a district court if they are able to show that due diligence, but they can get additional time. If in fact there were a pattern in practice that went    adversary alleged, could a district court in a room have the ability to show that they are in conflict with  policy or practice? As the ASPCA has alleged, the only thing they point to in their complaint is the 20 days. As I read the prayer for relief, district courts tell the agencies to obey the law. In an appropriate case, we would submit that if there are egregious agency behaviors such that they are improperly withholding records, that could amount to a policy or practice. And what could a district court do? You aren't saying in that instance the district court could not have that             in place.    the district court could not have that in place. You had said earlier in response to Judge Parker's question about whether a practice claim is viable, that a court actually could enjoin the agency not to apply certain redactions going forward. But that seems to be somewhat in tension with what you said to me earlier, which was that the FOIA statute only provides authority when it says the district court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records from the complainant, that that is an authorization to provide to the complainant specific records that are under dispute. Does it in fact mean that the agency is engaging in some conduct      does it over and over again if the agency is engaging in some conduct with respect to a particular requester and a particular requester and does it over and again if the agency in some conduct with  a particular requester and it over and again and does it over         again and shall